Leah M. Beligan, Esq. (SBN 250834)
lmbeligan@bbclawyers.net
Jerusalem F. Beligan, Esq. (SBN 211258)
jbeligan@bbclawyers.net
**BELIGAN LAW GROUP, LLP**
19800 MacArthur Blvd., Ste. 300
Newport Beach, CA 92612
Telephone: (949) 224-3881

James L. Simon (*pro hac vice* forthcoming)
james@simonsayspay.com
**SIMON LAW CO.**
11 ½ N. Franklin Street
Chagrin Falls, Ohio 44022
Telephone: (216) 816-8696

Michael L. Fradin (*pro hac vice* forthcoming)
mike@fradinlaw.com
**FRADIN LAW**
8401 Crawford Ave., Ste. 104
Skokie, IL 60076
Telephone: (847) 986-5889

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jacob Flynn, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Grindr, LLC and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. _____ <br><br> **CLASS ACTION** <br><br> **COMPLAINT** <br><br><br> **DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

Now comes Plaintiff Jacob Flynn ("Plaintiff"), on behalf of himself and all others similarly situated, through counsel, and pursuant to 740 ILCS 14/ and Fed. R. Civ. P. 23, against Defendant Grindr, LLC ("Grindr" or "Defendant"), and DOES 1

through 10 (collectively, "Defendants"), to redress and curtail Defendants' unlawful collections, obtainments, use, storage, and disclosure of Plaintiff's sensitive and proprietary biometric identifiers and/or biometric information (collectively referred to herein as "biometric data" and/or "biometrics"). Plaintiff alleges as follows upon personal knowledge as to himself, his own acts, and experiences and, as to all other matters, upon information and belief including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. Grindr is an internet-based dating and social networking service and application that is geared toward LGBTQ+ individuals, with more than 13 million monthly active users worldwide.

2. Plaintiff opened a Grindr account in 2020.

3. Grindr requests all its users, including Plaintiff, to verify their identities by uploading a real time portrait of their face, i.e., a "selfie."

4. Grindr then scans the "selfie" photographs, creates a biometric template of the users' face, and compares the users' facial biometrics to the photographs which the users are posting in their online dating profile to verify the identity of all Grindr users.

5. Grindr collects, stores, possesses, otherwise obtains, uses, and disseminates its users' biometric data to, amongst other things, further enhance Grindr and its online dating platform.

6. Facial geometry scans are unique, permanent biometric identifiers associated with each user that cannot be changed or replaced if stolen or compromised. Grindr's unlawful collection, obtainment, storage, and use of its users' biometric data exposes them to serious and irreversible privacy risks. For example, if Grindr or their third-party affiliates, database containing facial geometry scans or other sensitive, proprietary biometric data is hacked, breached, or otherwise exposed, Grindr users have no means by which to prevent identity theft, unauthorized tracking or other unlawful or improper use of this highly personal and private information.

7. The Illinois legislature enacted BIPA to protect residents' privacy interests in their biometric data. *See Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960, 963 (N.D. Ill. 2020), citing *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, 432 Ill. Dec. 654, 129 N.E.3d 1197, 1199 (2019).

8. Courts analogize an individual's privacy interest in their unique biometric data to their interest in protecting their private domain from invasion, such as from trespass. *See Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 624 (7th Cir. 2020), as amended on denial of reh'g and reh'g *en banc*, (June 30, 2020) and opinion amended on denial of reh'g *en banc*, 2020 U.S. App. LEXIS 20468, 2020 WL 6534581 (7th Cir. 2020).

9. In recognition of these concerns over the security of individuals' biometrics, the Illinois Legislature enacted the BIPA, which provides, *inter alia*, that a private entity like Grindr, LLC may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used; (3) receives a written release from the person for the collection of his or her biometric identifiers or information; and (4) publishes publicly-available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a)-(b).

10. The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id*.

11. Specifically, upon information and belief, Grindr has created, collected, disseminated, and stored thousands of "face templates" (highly detailed geometric maps of the face) from countless Illinois residents whose selfies were collected by Grindr.

12. Each face template that Grindr extracts is unique to a particular individual in the same way that a fingerprint or voiceprint identifies an individual.

13. Grindr is a "private entity" as that term is broadly defined by BIPA and is subject to all requirements of BIPA. *See* 740 ILCS § 14/10.

14. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times mentioned herein, Defendants acted as agents, employees, supervisors, partners, conspirators, servants and/or joint venturers of each other, and in doing the acts hereafter alleged, were acting within the course, scope, and authority of such agency, employment, partnership, conspiracy, enterprise and/or joint venture, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-defendants.

## JURISDICTION AND VENUE

15. This is a Class Action Complaint for violations of the Illinois Biometric Information Privacy Act (740 ILCS 14/1 *et seq*.) brought pursuant to Fed. R. Civ. P. 23 seeking statutory and actual damages.

16. Venue is proper in this Court because a substantial amount of the acts and omissions giving rise to this action occurred within this judicial district.

17. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because Grindr has done a substantial amount of business within this judicial district and the amount in controversy exceeds $75,000.

18. This Court has jurisdiction over this dispute pursuant to the Class Action Fairness Act ("CAFA") because the prospective class includes over 100 people and the amount in controversy exceeds $5,000,000.

19. At all relevant times, Plaintiff and the proposed Class are residents of the state of Illinois and the violations of BIPA as detailed herein occurred while Plaintiff and the members of the proposed Class were in the state of Illinois.

20. At all relevant times, Grindr, LLC is a Delaware corporation with its principal place of business located at 750 N. San Vicente Blvd., West Hollywood, CA 90069.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

21. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

22. Plaintiff opened a Grindr account in 2020.

23. As part of signing up, and/or gaining access to his Grindr account, Plaintiff was required to upload a real time portrait of his face.

24. Grindr then scanned Plaintiff's verification photographs, creating a biometric template of Plaintiff's face and biometric identifiers, and compared Plaintiff's biometric identifiers to the photographs which Plaintiff posted on his Grindr profile in order to verify Plaintiff's identity.

25. In other words, Grindr collected and retained biometric information for the purpose of verifying Plaintiff's identity.

26. At all relevant times, Grindr had no written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric information when the initial purpose for collecting or obtaining such biometric information has been satisfied or within 3 years of the individual's last interaction with Grindr, whichever occurs first.

27. Ostensibly, the purpose of Grindr's collection of Plaintiff's facial geometry was to verify Plaintiff's identity.

28. As such, Plaintiff's facial geometry should have been permanently destroyed by Defendant following the verification of Plaintiff's identity.

29. However, Grindr failed to permanently destroy Plaintiff's facial geometry following the verification of Plaintiff's identity and instead retained Plaintiff's biometric information.

30. As such, Grindr's retention of Plaintiff's biometric information was unlawful and in violation of 740 ILCS § 14/15(a).

31. Grindr did not inform Plaintiff in writing that it was collecting or storing his biometric information.

32. Instead, Grindr simply instructed Plaintiff to upload his "selfie" photograph as part of the overall account verification process.

33. In fact, Grindr made no mention of biometric information, collection of biometric information, or storage of biometric information.

34. Moreover, Grindr did not inform Plaintiff in writing of the specific purpose and length of term for which his biometric information was being collected, stored, and used.

35. Grindr collected, stored, and used Plaintiff's biometric information without ever receiving a written release executed by Plaintiff in which he consented to or authorized Defendant to do the same.

36. Additionally, Grindr disclosed, redisclosed, or otherwise disseminated Plaintiff's biometric information (1) without Plaintiff's consent; (2) without Plaintiff's authorization to complete a financial transaction requested or authorized by Plaintiff; (3) without being required by State or federal law or municipal ordinance; or (4) without being required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

37. Upon information and belief, Grindr disclosed, redisclosed, or otherwise disseminated Plaintiff's biometric information to numerous third-party service providers for Grindr's business purposes including, but not limited to, third-party providers that provide business services to Grindr's third-party service providers that provide professional services to Grindr, and third-party service providers that provide technical support functions to Grindr.

38. Grindr's collection and retention of biometric information as described herein is not unique to Plaintiff and is instead part of Grindr's policies and procedures which Grindr applies to all its users, including the Class Members.

## RULE 23 CLASS DEFINITION AND ALLEGATIONS

39.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

40.     Plaintiff brings Claims for Relief in violation of BIPA as a class action under Rule 23(a), (b)(2) and (b)(3). Plaintiff brings these claims on behalf of himself and all members of the following Rule 23 Class:

> **All Illinois residents who had their biometric information collected by Grindr at any point in the five (5) years preceding the filing of this Complaint (the "Class Members").**

41.     In the alternative, and for the convenience of this Court and the parties, Plaintiff may seek to certify other subclasses at the time the motion for class certification is filed.

42.     **Numerosity (Rule 23(a)(1))**. The Class Members are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that there are more than 1,000 people who satisfy the definition of the Class.

43.     **Existence of Common Questions of Law and Fact (Rule 23(a)(2))**. Common questions of law and fact exist as to Plaintiff and the Class Members including, but not limited to, the following:

a.     Whether Grindr possessed Plaintiff's and the Class Members' biometric identifiers or biometric information without first developing a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the

initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with Grindr, whichever occurs first.

  b. Whether Grindr collected, captured, purchased, received through trade, or otherwise obtained Plaintiff's and the Class Members' biometric identifiers or biometric information, without first: (1) informing Plaintiff and the Class Members in writing that a biometric identifier or biometric information is being collected or stored; (2) informing Plaintiff and the Class Members in writing of the specific purpose and length of term for which their biometric identifiers or biometric information was being collected, stored, and used; and (3) receiving a written release executed by Plaintiff and the Class Members

  c. Whether Grindr disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class Members' biometric identifiers or biometric information (1) without Plaintiff's and the Class Members' consent; (2) without Plaintiff's and the Class Members' authorization to complete a financial transaction requested or authorized by Plaintiff and the Class Members; (3) without being required by State or federal law or municipal ordinance; or (4) without being required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

  d. The damages sustained and the proper monetary amounts recoverable by Plaintiff and the Class Members.

44. **Typicality (Rule 23(a)(3))**. Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like the Class Members, had his biometric identifiers and biometric information collected, retained or otherwise possessed by Grindr without Grindr's adherence to the requirements of BIPA as detailed herein.

45. **Adequacy (Rule 23(a)(4))**. Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff has retained counsel competent and experienced in complex class actions.

46. **Injunctive and Declaratory Relief (Rule 23(b)(2))**. Class certification of the Rule 23 claims is appropriate under Rule 23(b)(2) because Grindr acted or refused to act on grounds generally applicable to the Class Members, making appropriate declaratory relief with respect to the Class Members as a whole.

47. **Predominance and Superiority of Class Action (Rule 23(b)(3))**. Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to the Class Members predominate over questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Grindr's common and uniform policies and practices illegally deprived Plaintiff and the Class Members of the privacy protections which BIPA seeks to ensure; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual Class Members are small compared to the expense and burden

of individual prosecution. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Grindr's practices.

48. Plaintiff intends to send notice to all Class Members to the extent required by Fed. R. Civ. P. 23.

## COUNT ONE: VIOLATION OF 740 ILCS § 14/15(a)

**(Brought by Plaintiff, on behalf of himself and the Class Members, against all Defendants)**

49. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50. A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines. 740 ILCS § 14/15(a).

51. Defendants collected Plaintiff's and the Class Members' facial geometry scans and created biometric templates of the Plaintiff's and the Class Members' faces which qualifies as biometric information as defined by BIPA.

52. At all relevant times, Defendants had no written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric information when the initial purpose for collecting or obtaining such biometric information has been satisfied or within 3 years of the individual's last interaction with Defendant, whichever occurs first.

53. Ostensibly, the purpose of Defendants' collection of Plaintiff's and the Class Members' facial geometry was to verify Plaintiff's and the Class Members' identities prior to opening a Grindr account in their names and the purpose of Defendants' collection Plaintiff's and the Class Members' geometric facial scans was to verify Plaintiff's and the Class Members' identities when they logged into the Grindr mobile app.

54. As such, Plaintiff's and the Class Members' facial geometry scans should have been permanently destroyed by Defendants following the verification of their identities.

55. However, Defendants failed to permanently destroy Plaintiff's and the Class Members' biometric information following the verification of their identities and instead retained Plaintiff's and the Class Members' biometric information.

56. As such, Defendants' retention of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(a).

## COUNT TWO: VIOLATION OF 740 ILCS § 14/15(b)

**(Brought by Plaintiff, on behalf of himself and the Class Members, against all Defendants)**

57. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58. No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

> (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative. 740 ILCS § 14/15(b).

59. Defendants did not inform Plaintiff and the Class Members in writing that Defendants were collecting or storing their biometric information.

60. Instead, Defendants simply instructed Plaintiff and the Class Members to upload their "selfies" as part of the overall account verification process.

61. In fact, Defendants made no mention of biometric information, collection of biometric information, or storage of biometric information.

62. Moreover, Defendants did not inform Plaintiff and the Class Members in writing of the specific purpose and length of term for which their biometric information was being collected, stored, and used.

63. Defendants collected, stored, and used Plaintiff's and the Class Members' biometric information without ever receiving a written release executed by Plaintiff and the Class Members which would consent to or authorize Defendants to do same.

64. As such, Defendants' collection of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(c).

## COUNT THREE: VIOLATION OF 740 ILCS § 14/15(d)

**(Brought by Plaintiff, on behalf of himself and the Class Members, against all Defendants)**

65. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66. No private entity in possession of a biometric identifier or biometric information may disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless:

> (1) the subject of the biometric identifier or biometric information or the subject's legally authorized representative consents to the disclosure or redisclosure;

(2) the disclosure or redisclosure completes a financial transaction requested or authorized by the subject of the biometric identifier or the biometric information or the subject's legally authorized representative;

(3) the disclosure or redisclosure is required by State or federal law or municipal ordinance; or

(4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction. 740 ILCS § 14/15(d).

67. While discovery will ascertain all of the ways in which Defendants disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class Members' biometric information, Defendants disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class Members' biometric information to numerous third-party service providers for Defendants' business purposes including, but not limited to, third-party providers that provide business services to Defendants, third-party service providers that provide professional services to Defendants, and third-party service providers that provide technical support functions to Defendants.

68. Defendants' disclosures, redisclosures, or otherwise disseminating of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(d).

## **PRAYER FOR RELIEF**

**WHEREFORE**, individually, and on behalf of the Class Members, Plaintiff prays for: (1) certification of this case as a class action pursuant to Fed. R. Civ. P. 23, appointing the undersigned counsel as class counsel; (2) a declaration that Defendants have violated BIPA, 740 ILCS 14/1 *et seq*.; (3) statutory damages of $5,000.00 for

each intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendants' violations of BIPA were not willful; (4) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); (5) actual damages; and (6) for any other relief the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff and the Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

Dated: January 22, 2024

Respectfully submitted,

s/*Leah M. Beligan*
Leah M. Beligan, Esq. (SBN 250834)
lmbeligan@bbclawyers.net
Jerusalem F. Beligan, Esq. (SBN 211258)
jbeligan@bbclawyers.net
BELIGAN LAW GROUP, LLP
19800 MacArthur Blvd., Ste. 300
Newport Beach, CA 92612
Telephone: (949) 224-3881

**FRADIN LAW**

s/ *Michael L. Fradin*
Michael L. Fradin, Esq. (pro hac vice forthcoming)
mike@fradinlaw.com
8 N. Court St. Suite 403
Athens, Ohio 45701
Telephone: 847-986-5889

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SIMON LAW CO.**

By: /s/ *James L. Simon*
James L. Simon (pro hac vice forthcoming)
james@simonsayspay.com
Simon Law Co.
11 ½ N. Franklin Street
Chagrin Falls, Ohio 44022
Telephone: (216) 816-8696